IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Lionel Sisk, | ) | |
| | ) | C/A No. 0:19-0879-MBS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Warden, FPC-Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Robert Lionel Sisk is an inmate housed at the Federal Prison Camp in Edgefield, South Carolina. On March 22, 2019, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Relying on United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), Petitioner alleges that he is serving an unlawful sentence because his prior North Carolina convictions for assault on a female no longer qualify as predicate offenses under the career offender provisions of the United States Sentencing Guidelines.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the Rules Governing § 2254 Cases, the Antiterrorism and Effective Death Penalty Act of 1996, and relevant precedents. The Magistrate Judge observed that Petitioner is required to show a motion under § 2255 is inadequate or ineffective in order to challenge his conviction under § 2241. The Magistrate Judge noted that, under Wheeler, Petitioner is required to establish:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner

> cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Wheeler, 886 F.3d at 427 (quoting In re Jones, 226 F.3d 328 (4th Cir. 2000)).

The Magistrate Judge determined that Petitioner did not meet the second element of the Wheeler test because there was no change in the substantive law under which Petitioner was sentenced. The Magistrate Judge concluded that Petitioner's remedy, if any, appears to be to seek permission from the Court of Appeals for the Fourth Circuit to file a § 2255 motion in the district where he was sentenced. The Magistrate Judge concluded that the court lacks jurisdiction over the petition. Accordingly, the Magistrate Judge recommended the within action be summarily dismissed without prejudice and without requiring Respondent to file a return. Petitioner did not file objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. The § 2241 petition is summarily

dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

May 10, 2019